620 F.2d 305
 80-2 USTC P 9694
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America and Burnie W. Avrit, Internal
Revenue Service Agent, Plaintiffs-Appellees
v.
Gladys T. Lillibridge, Trustee, et al., Defendants-Appellants.
 No. 79-1283.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1980.
 
 Before KEITH, BROWN, and MARTIN, Circuit Judges.
 
 Order
 
 1
 The defendants appeal from an order of the District Court for the Middle District of Tennessee finding them in contempt for refusing to obey the Court's order enforcing Internal Revenue Service (IRS) summonses and sentencing them to five (5) months and twenty-nine (29) days in jail or until such time as they purged themselves of contempt. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The defendants raise three primary issues on appeal:
 
 
 3
 (1) They were entitled to a jury trial in both the enforcement and contempt proceedings;
 
 
 4
 (2) Their Fifth Amendment right against self-incrimination permitted them to refuse to disclose the information sought by the IRS; and
 
 
 5
 (3) The District Court set excessive bond for release pending this appeal.
 
 
 6
 An analysis of these issues shows them to be without merit.
 
 
 7
 There is no general right to a jury trial in tax cases. See Phillips v. Commissioner, 283 U.S. 589, 599 n. 9 (1931); Wickwire v. Reinecke, 275 U.S. 101, 105-06 (1927); Olshausen v. Commissioner, 273 F.2d 23, 27-28 (9th Cir.1959), cert. den., 363 U.S. 820, reh. den. 364 U.S. 855 (1960). Thus the defendants did not have the right to a jury trial in the enforcement proceeding. Kennedy v. Rubin, 254 F.Supp. 190 (N.D.Ill.1966).
 
 
 8
 Contempt proceedings relative to a defendant's failure to obey a court order enforcing an IRS summons is civil in nature, even if the defendant is incarcerated until he purges himself of contempt. McCrone v. United States, 307 U.S. 61 (1939). The right to a jury trial does not attach to civil contempt proceedings, Shillitani v. United States, 384 U.S. 364, 370-71 (1966), and the defendants had no such right in the contempt proceedings giving rise to this appeal. United States v. Carroll, 567 F.2d 955, 958 (10th Cir.1977).
 
 
 9
 The defendants did have a right to refuse to answer questions put forth by the IRS or to produce materials requested in the summonses if such answers or production would tend to incriminate them. Blanket assertions of that right, however, are improper. The defendants were required to answer and produce all unobjectable answers and materials and to make specific objections to the particular questions and materials they believed could incriminate them. See United States v. Jones, 538 F.2d 225, 226 (8th Cir.1976), cert. den., 429 U.S. 1040 (1977), and cases cited therein. The record in this case shows the defendants failed to make such specific objections either during the interview with the IRS Agent or during the contempt proceedings. This failure left the District Court with no basis to make a determination that the right against self-incrimination was properly asserted. United States v. Carroll, supra, at 957.
 
 
 10
 The bond amount set by the District Court for release pending appeal, which amount the defendants produced the day it was set, was not excessive.
 
 
 11
 The Court has reviewed the entire record in this case and finds no other errors of a constitutional magnitude. The District Court's order of April 5, 1979 finding the defendants in civil contempt and ordering their incarceration is hereby affirmed. Rule 9(d)3, Rules of the Sixth Circuit.