NORTH RIVER INSURANCE COMPANY, INC., Plaintiff–Appellee,

v.

Peter STEFANOU, Defendant–Appellant,

and

Frank & Company, PC; Robert H. Frank; Hal L. Young; Arthur J. Early; Mary Boyle Armstrong; Terry A. Andolshek; Patricia A. Coyle; Lawrence Goldman; J. Miller, Defendants.

No. 87–2548.

United States Court of Appeals, Fourth Circuit.

Argued July 9, 1987.

Decided Oct. 16, 1987.

John DeWitt Cline (Terrence O'Donnell, Williams & Connolly, Washington, D.C., on brief), for defendant-appellant.

Charles Irwin Hadden (Wallace A. Christensen, Ellen M. Vollinger, Ross, Dixon & Masback, Washington, D.C., on brief), for plaintiff-appellee.

Before HALL and WILKINS, Circuit Judges, and G. ROSS ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.

WILKINS, Circuit Judge:

Peter Stefanou appeals from the district court's entry of judgment on the pleadings for North River Insurance Company, Inc. (North River) after Stefanou refused to respond to the allegations of the complaint, and instead attempted to assert a fifth amendment claim against self-incrimination. We affirm.

### I.

North River filed an action for a declaratory judgment seeking rescission of three professional liability insurance policies. Named as defendants were the accounting firm of Frank & Company, P.C. (previously known as Frank, Stefanou & Company); and Stefanou and eight other individuals, all of whom were partners or employees of the firm.[1] North River sought rescission of the policies issued to Frank & Company on grounds of misrepresentations in the policy applications. It alleged that Stefanou and a client, Edward Markowitz, had conspired to create more than $500,000,000.00 in fraudulent tax deductions for investors and thus had misrepresented that they did not know of existing circumstances that might give rise to claims.

In April, 1985 Markowitz pled guilty to federal charges arising from his involvement in the fraudulent tax scheme. In June, 1986 Stefanou pled guilty to charges of income tax evasion, preparing a false tax return in relation to the Markowitz scheme, and preparing a false tax return in another related tax fraud scheme.

In exchange for his plea, Stefanou and Frank & Company received immunity from further prosecution by the United States

---

1. Pursuant to a settlement, North River dismissed its complaint against all parties other than Stefanou on March 18, 1987.

Attorney's Office for the Southern District of New York for federal criminal violations arising from involvement with certain named companies. They also received immunity from the Department of Justice from any further federal criminal tax prosecutions based on involvement with those companies. The immunity granted did not extend to prosecution in state court nor to prosecution by the Department of Justice for non-tax-related offenses.

All defendants except Stefanou timely filed a joint answer to North River's complaint. Stefanou responded only by reference in a footnote at the end of the opening sentence of the answer, stating that "[d]efendant Peter Stefanou, upon the advice of counsel, respectfully declines to answer the allegations set forth in plaintiff's complaint on the basis of his constitutional rights." Stefanou's fifth amendment claim was addressed to the entire complaint, including allegations of jurisdiction, venue, the existence of Stefanou's firm and his position with it. Stefanou gave similar responses in the discovery process when requests for admissions were served on him.

North River moved for judgment on the pleadings as to Stefanou. During the hearing on the motion, Stefanou did not seek to amend or otherwise alter his position. Instead, the record reflects that Stefanou continued his refusal to respond to the complaint, even to allegations reciting his guilty plea which was a matter of public record. The district court concluded that the fifth amendment privilege was not properly invoked and granted judgment on the pleadings against Stefanou.

## II.

■ The failure to deny an allegation in a pleading to which a responsive pleading is required constitutes an admission of that allegation. Fed.R.Civ.P. 8(d). However, when properly invoked, the fifth amendment privilege against self-incrimination, which applies to civil proceedings as well as criminal, can avoid the operation of Rule 8(d). The privilege applies not only at trial but also at the pleading stage. *In re Sterling–Harris Ford, Inc.,* 315 F.2d 277 (7th Cir.), *cert. denied,* 375 U.S. 814, 84 S.Ct. 46, 11 L.Ed.2d 50 (1963). However, the mere "blanket refusal to answer questions does not suffice to raise constitutional questions." *United States v. Carroll,* 567 F.2d 955, 957 (10th Cir.1977) (citing *United States v. Malnik,* 489 F.2d 682, 685 (5th Cir.), *cert. denied,* 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974)). Nor does a proper invocation of the privilege mean that a defendant is excused from the requirement to file a responsive pleading; he is obliged to answer those allegations that he can and to make a specific claim of the privilege as to the rest. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1280, at 360 (1969).

Stefanou argues that his invocation of the privilege was proper under *Rogers v. Webster,* 776 F.2d 607 (6th Cir.1985), and *National Acceptance Co. of America v. Bathalter,* 705 F.2d 924 (7th Cir.1983). We disagree. Neither *Rogers* nor *National Acceptance* is dispositive of the issue presented here. Neither case dealt with the threshold issue of whether the fifth amendment privilege had been properly asserted so as to allow the district court to make a reasonable assessment of the risk of incrimination.[2] The issue here is whether Stefanou properly asserted his privilege so that the rules of civil procedure "give way in order to protect the defendant's constitutional right to avoid self-incrimination," *Rogers,* 776 F.2d at 611 (quoting *National Acceptance,* 705 F.2d at 926), or whether Stefanou chose a strategy that effectively negated a fair balancing of his interests against the interests of those pursuing a claim against him, and the interests of society in the expeditious resolution of litigation.

■ The privilege against self-incrimination, one of our most cherished fundamental rights, is jealously guarded by the courts. It protects an individual not only

---

**2.** By dictum the court in *Rogers* expressed doubt that the contemner, Webster, had properly asserted the privilege but for purposes of its deci-sion assumed that he had since "the District Court did not rule that his method of doing so was improper." *Rogers,* 776 F.2d at 611 n. 4.

from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. But for one to invoke this privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim. Under the circumstances of this case, a blanket refusal to answer or respond was not sufficient. *United States v. Pierce,* 561 F.2d 735, 741 (9th Cir.1977), *cert. denied,* 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978); *accord United States v. Zappola,* 646 F.2d 48, 53 (2d Cir.1981), *conviction aff'd on remand,* 677 F.2d 264 (2d Cir.), *cert. denied,* 459 U.S. 866, 103 S.Ct. 145, 74 L.Ed.2d 122 (1982); *United States v. Goodwin,* 625 F.2d 693, 701 (5th Cir.1980).

 Stefanou incorrectly argues that the district court erred in failing to pierce his blanket assertion of privilege to determine its relative merits. A party wishing in good faith to assert the privilege must do so "with respect to particular [allegations]," thereby allowing the trial judge to determine the propriety of each refusal. *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974) (citing *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951)). The privilege also may be asserted and preserved in the course of discovery proceedings, Fed.R.Civ.P. 26(c), but in specifics sufficient to provide the court with a record upon which to decide whether the privilege has been properly asserted as to each question. *United States v. Gordon,* 634 F.Supp. 409, 418 (Ct.Int'l Trade 1986).

The district court correctly ruled that the privilege was not properly invoked. Stefanou's potential for criminal liability had been narrowed significantly by the guilty plea already entered. Further concerns could have been met by good-faith responses tailored to address specific allegations in the complaint. Instead, he chose a course

of action which left the district court with no reasonable alternative other than to enter judgment against him. Fed.R.Civ.P. 8(d).

## III.

 Stefanou argues in the alternative that the case should be remanded to the district court with instructions to allow him to amend. The argument might be more persuasive had he timely raised it before the district court. We accordingly decline to consider it for the first time on appeal. *United States v. One 1971 Mercedes Benz,* 542 F.2d 912, 915 (4th Cir.1976).

AFFIRMED.

R.K. HALL, Circuit Judge, dissenting:

I cannot agree with the majority's conclusion that Stefanou improperly invoked the privilege against self-incrimination in his responses to the pleadings in this action. For this reason, I respectfully dissent.

In my view, both the district court and the majority have ignored settled law in this Circuit. In *Mills v. United States,* 281 F.2d 736 (4th Cir.1960), we held that invocation of the privilege is sufficient if the objection is stated in a language that the court could reasonably be expected to understand as an attempt to invoke the privilege. Clearly the district court was aware and acknowledged that Stefanou was attempting to invoke the privilege. Thus, the district court erred when it ruled that the privilege was not properly invoked and should not have entered judgment on the pleadings.

The government contends that there is another basis on which to affirm the district court opinion. Stefanou declined to respond to the request for admissions on the basis of his constitutional rights. Local Rule 11.1(D) establishes a 15–day time limit in which to object to request for admissions or they are deemed to be admitted. Stefanou responded to the request for admissions within the 30–day time limit as required by Fed.R.Civ.P. 36. North River

**488**

filed a motion with the magistrate to have the request deemed admitted. Stefanou opposed this motion, however, the magistrate granted it. Stefanou then moved for reconsideration but the district court denied Stefanou's motion, concluding that the judgment on the pleadings against Stefanou rendered reconsideration moot. If we find that Stefanou properly invoked the privilege against self-incrimination, then the issue is no longer moot. However, we cannot affirm the district court opinion on this basis because the district court made no specific ruling on Stefanou's motion for reconsideration.

Having found that Stefanou's invocation of the fifth amendment privilege against self-incrimination was properly invoked in his answers to the pleadings and discovery, I would reverse and remand this case to the district court for further proceedings. On remand, I would instruct the district court to decide if Stefanou's response to the request for admissions was timely filed.