951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Laycher GONZALES, also known as Eliseo Gonzales; Maxine P.
Gonzales, also known as Petra Maxine Gonzales,
Defendants-Appellants,
and
ASSEMBLY OF YHWHHOSHUA, Defendant.
 No. 91-1074.
 United States Court of Appeals, Tenth Circuit.
 Dec. 17, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The United States brought this action against defendants Laycher Gonzales, Maxine P. Gonzales, and the Assembly of Yhwhhoshua seeking to (1) reduce federal tax assessments against defendant Laycher Gonzales to judgment, (2) set aside as fraudulent a conveyance of real property at 1998 58th Lane, Boone, Colorado, or, in the alternative, obtain a finding that the Assembly of Yhwhhoshua holds title to an undivided one-half interest in the real property as the nominee of defendant Laycher Gonzales, and (3) foreclose federal tax liens on the property. Defendants answered and counterclaimed.
 
 
 3
 After unsuccessful settlement discussions and the withdrawal of defendants' counsel, defendants filed a "motion to dismiss or for summary judgment." In the motion, defendants argued that the district court lacked jurisdiction and that defendants were exempt from taxation. The district court denied the motion.
 
 
 4
 Defendants filed a motion to recuse the district judge. Defendants cited the judge's connections to the legal and judicial community as grounds for recusal. The district court denied this motion. Defendants also filed a series of motions essentially reasserting their arguments that the district court lacked jurisdiction, the district judge was biased and prejudiced against them, and they were exempt from taxation. The district court denied these motions as frivolous in a minute order entered before trial.
 
 
 5
 After a bench trial, the district court made its findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52. The district court concluded that the government was entitled to reconstruct defendant Laycher Gonzales' income because of his failure to maintain tax records. The district court further held that the government, through the presentation of a certificate of assessments and payments established a prima facie case of defendant Laycher Gonzales' tax liability for the years 1978 through 1981. The court also found that proper notice and demand for payment was made under 26 U.S.C. § 6303(a).
 
 
 6
 Defendant Laycher Gonzales did not produce evidence to show that the government's assessments were erroneous. Instead, he reasserted his arguments that the district court did not have jurisdiction over this matter and that he was not subject to federal taxation because he was not a federal employee. He also argued that the First Amendment prevents the imposition of taxes against him, a jury trial was required, and the Boone property belonged to the Assembly and not to him and his wife.
 
 
 7
 The district court addressed and rejected each of these arguments individually. I R. tab 48, at 5-10; id. tab 31. The court concluded that Laycher Gonzales was liable for income taxes for the years 1978 through 1981, and was also liable for a delinquency penalty under 26 U.S.C. § 6651(a), a negligence penalty under 26 U.S.C. § 6653(a), and the estimated tax penalty under 26 U.S.C. § 6654. The court set aside the transfer of the 1998 58th Lane real estate in Boone, Colorado, from the individual defendants to the Assembly of Yhwhhoshua as a void fraudulent conveyance. The district court ordered that the tax liens against the Boone property be foreclosed, that the property be sold, and that one-half of the balance of the proceeds be applied to defendant Laycher Gonzales' tax liability. The district court also ordered a deficiency judgment entered against defendant Laycher Gonzales if the proceeds of the sale did not satisfy his tax liability.
 
 
 8
 Defendants filed a "motion to set aside memorandum opinion and order." This motion essentially reasserted defendants' argument that the government could collect taxes only from officers, employees, or elected officials of the federal government. The district court denied the motion, and this appeal followed.
 
 
 9
 We have carefully reviewed the record on appeal and the parties' appellate briefs. We agree with the district court that the issues raised by defendants have no merit and affirm for substantially the reasons stated in the district court's memorandum opinion and order dated February 6, 1991, I R. tab 48, and its order denying motion for summary judgment or to dismiss dated November 20, 1990.
 
 
 10
 The government has sought sanctions against defendants for bringing a frivolous appeal, see 28 U.S.C. § 1912; Fed.R.App.P. 38, and defendants have had an opportunity to respond. See Braley v. Campbell, 832 F.2d 1504, 1513-15 (10th Cir.1987). An appeal is frivolous for purposes of Fed.R.App.P. 38 when the bulk of defendants' assertions to the district court and this court constitute a refrain about the government's power to tax individuals. The following arguments alluded to by defendants are completely lacking in merit: (1) only federal government workers can be taxed, see Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir.1990); (2) taxes are voluntary, see United States v. Tedder, 787 F.2d 540, 542 (10th Cir.1986); (3) the Sixteenth Amendment is invalid, see Lonsdale, 919 F.2d at 1448; (4) the district court lacked jurisdiction over this action, see 26 U.S.C. § 7402(a), 28 U.S.C. § 1340, 28 U.S.C. § 1345; and (5) the First Amendment prevents the imposition of taxes in this case, see United States v. Carroll, 567 F.2d 955, 957 (10th Cir.1977).
 
 
 11
 Thus, we hold the appeal was frivolous, and that sanctions under 28 U.S.C. § 1912[1] and Rule 38 are appropriate. In Braley, we stated that "in an appropriate case the court may assess the entire costs of litigation on appeal ... as just damages under Fed.R.App.P. 38." 832 F.2d at 1513. This court has previously awarded $1,500 as a sanction for a frivolous appeal based on the Internal Revenue Service's estimate that defending frivolous appeals costs the government an average of approximately that amount. See Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir.1986). This estimate of the cost to defend a frivolous appeal seems reasonable. Accordingly, the judgment of the United States District Court for the District of Colorado is AFFIRMED, and a sanction of $1,500 is imposed against defendants.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 1912 states: "Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." 28 U.S.C. § 1912