**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CASA DE ORO, LLC, a Colorado
limited liability company,

      Plaintiff,

v.

ASSEMBLY OF YHWHHOSHUA;
LAYCHER GONZALES, also known
as Laycher Eliseo Gonzales, and
Eliseo Gonzales; MAXINE P.
GONZALES, also known as Betty
Gonzales, and Petra Maxine
Gonzales, and all unknown occupants
in the premises,

      Defendants,

v.

YOLANDA ESTRADA, STEVEN
GONZALES, JOHN GONZALES,
ANN GRAUMAN and TIM ORTIZ,

      Third-Party Plaintiffs,

   and

RANDY KALISH,

      Third-Party Plaintiff-
      Appellant,

v.

No. 98-1102
(D.C. No. 97-D-1107)
(D. Colo.)

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE
and PHILIP BLONDIN,

        Third-Party-Defendants-
        Appellees,

    and

ADELE K. ANDERSON, County
Court Judge, RONALD FRINDT,
BRADEN FRINDT & STINAR, LLC,
ANTHONEY J. ESTRADA and
DAVID A. COLE,

        Third-Party-Defendants.

---

**ORDER AND JUDGMENT** [*]

---

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

After examining the briefs, appellate record, and the statement of reasons for oral argument, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Randy Kalish, appearing pro se, appeals the orders of the district court dismissing all claims against the United States, the Internal Revenue Service, and Philip Blondin and remanding remaining issues of state law to the District Court of Pueblo County, Colorado. We affirm the order of dismissal and determine that we have no jurisdiction to review the order of remand.

Plaintiff Casa de Oro, LLC acquired real property at 1998 58th Lane, Boone, Colorado, through federal foreclosure proceedings arising out of tax assessments against the owners of the property, defendant Laycher Gonzales, the pastor of defendant Assembly of Yhwhhoshua (the Assembly), and defendant Maxine P. Gonzales, his wife. Casa de Oro then filed an action for possession in state court, naming as defendants the Assembly, Mr. and Mrs. Gonzales, and all unknown occupants in the premises. Church members entered the case as third-party plaintiffs, filing claims for wrongful seizure and sale of the property. They named the United States; the IRS; Mr. Blondin, a trial attorney with the United States Department of Justice; Adele K. Anderson and David A. Cole, state court judges; Casa de Oro; and others as third-party defendants. The United States removed the action to federal district court. See 28 U.S.C. § 1346 (conferring jurisdiction over a civil action against the United States).

-3-

After holding a hearing, the district court issued a series of three dispositive orders: (1) dismissing with prejudice all claims against the United States, its agencies, and Mr. Blondin on grounds of sovereign immunity and the statutory provision that a claim which arises out of the collection of a tax is not recoverable under the Federal Tort Claims Act, see 28 U.S.C. § 2680(c); (2) dismissing with prejudice all claims against the state court judges based on absolute judicial immunity; and (3) determining that it lacked subject matter jurisdiction over the remaining issues, which related to possession of the property, and remanding the matter back to the state court. One church member, appellant Randy Kalish appearing pro se, has appealed. [1]

We have jurisdiction to review the order of dismissal. See City of Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 143 (1934). We conclude, after

---

[1]   Mr. Kalish asserts in his filings that he is the "spokesperson" for the other third-party plaintiffs, Yolanda Estrada, Steven Gonzales, John Gonzales, Ann Grauman, and Tim Ortiz. We note one pro se litigant, who is not an attorney, cannot represent other pro se parties. See 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"); 10th Cir. R. 46.5 ("[a] party who is not represented by an attorney must sign any motion, brief or other paper"). Mr. Kalish, therefore, is the sole appellant.

We also note that Mr. Kalish's notice of appeal does not designate the order dismissing the state court judges, which was filed March 20, 1998. See R., Doc. 40 ("Notice of Appeal of Order to Remand March 3rd, 1998, Notice of Order of March 12, 1998 Dismissing IRS and Agents"). Accordingly, that order is not at issue in this appeal. See Fed. R. App. P. 3(c) (requiring designation of "the judgment, order, or part thereof appealed from").

-4-

a thorough examination of the record, that the district court committed no reversible error in dismissing Mr. Kalish's claims. We affirm for substantially the same reasons expressed in the district court's orders filed March 12 and March 20, 1998.

We have no jurisdiction, however, to review the district court's order of remand. See 28 U.S.C. § 1447(d) (providing that, with a specified exception not applicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"); see also Flores v. Long, 110 F.3d 730, 733 (10th Cir. 1997) (holding that there is no appellate jurisdiction to review a remand order, entered in a removed case, "based to a fair degree upon the court's finding that it lacked subject matter jurisdiction to hear the case"). [2]

We AFFIRM the district court's order of dismissal and DISMISS the appeal from the district court's order of remand. To the extent Mr. Kalish's

---

[2]     We are aware that other circuit courts of appeals have determined that they may exercise jurisdiction over a remand order triggered by the entry of a separate determination which divested the court of subject-matter jurisdiction. See Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 223 (3rd Cir. 1995); ("[A] remand only falls under § 1447(c) if the removal itself was jurisdictionally improper, not if the defect arose after removal."); In re Amoco Petroleum Additives Co., 964 F.2d 706, 708 (7th Cir. 1992) (holding that mandamus review is permitted "when the district judge believes that removal was proper and that later developments authorize remand"). In determining here that we may not review the remand order, we follow the plain language of § 1447(d). Another panel of this court may wish to revisit the issue in an appropriate case.

supplemental filings may be construed as motions pending before this court, the motions are DENIED.  The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge