**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ASSEMBLY OF YHWHHOSHUA;
MAXINE P. GONZALES, also known
as Petra Maxine Gonzales; LAYCHER
GONZALES, Pastor, also known as
Eliseo Gonzales,

Defendants.

---

RANDY KALISH,

Real Party In Interest-
Appellant.

No. 99-1165
(D.C. No. 89-K-1740)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Appellant pro se Randy Kalish appeals from the district court's minute order dated February 3, 1999, denying and striking his motion entitled "Demand for Due Process of Law" and the district court's minute order dated February 11, 1999, denying his motion for reconsideration of that denial.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm both orders.

Mr. Kalish seeks possession of property located in Boone, Colorado (the property) which was sold in 1994 to help satisfy a 1991 federal tax judgment against Laycher Gonzales, pastor of the Assembly of Yhwhhoshua (the Assembly), and Maxine Gonzales, his wife.  Mr. Kalish is a member of the Assembly.

This case was initiated in 1989 by the government which sought to reduce to judgment Mr. Gonzales's unpaid federal income taxes, set aside as fraudulent his conveyance of the property to the Assembly, and foreclose on its tax lien. After a bench trial, the district court held in the government's favor in all respects.  See R., Vol. I, Doc. 48 (Memorandum Opinion and Order dated February 6, 1991).  In addition, the district court ordered foreclosure and sale of the property. The Gonzaleses appealed to this court and we affirmed.       See United States v. Gonzales    , No. 91-1074, 1991 WL 270002 (10th Cir. Dec. 17,

1991) (unpublished disposition).  Thereafter, we affirmed the district court's order denying the Gonzaleses' motion for relief from judgment and motion for reconsideration.   See United States v. Assembly of Yhwhhoshua   , No. 97-1115, 1997 WL 606874 (10th Cir. Oct. 2, 1997) (unpublished disposition).

Mr. Kalish filed a notice of appearance attempting to intervene in which he states he has "exculpatory evidence new to this case," seeks the "opportunity to have a hearing and to obtain the testimony of witnesses," and has "only recently discovered that the problem in the case derives from the errors of this court and its failure to serve due process of law upon the rightful owners of the property taken by the IRS without due process of law."  R., File 2, Doc. 111 at 1.  He argues that:  (1) the district court lacked jurisdiction to order the sale of the property in order to satisfy Mr. Gonzales's federal tax judgment; and (2) the trial court lacked jurisdiction to render judgment against the Assembly because the Assembly trustees were never served process and did not receive notice of the action.

The property's ownership has been litigated and relitigated in both federal and state court.  Essentially, Mr. Kalish is attempting to:  (1) challenge the district court's original holding that the property was fraudulently conveyed by Mr. Gonzales to the Assembly in 1983; and (2) undermine the subsequent state court determination that the property's rightful owner is Casa de Oro, LLC, the

entity that purchased the property when the government foreclosed on its tax lien. As discussed below, Mr. Kalish's claims are barred by the doctrines of law of the case and collateral estoppel.

Our holding--affirming the district court's 1991 decision finding a fraudulent conveyance--is the law of the case and this panel will not reconsider nor overturn that determination short of certain narrow circumstantial exceptions not present here.   See United States v. Alvarez  , 142 F.3d 1243, 1247 (10th Cir.) (explaining that law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case" and enumerating the "three exceptionally narrow circumstances" which enable departure from the doctrine) (quotation omitted), cert. denied  , 119 S. Ct. 242 (1998).

In addition, Mr. Kalish had what amounts to a second opportunity to argue his interest in the property when Casa de Oro filed a claim of unlawful detention in the District Court, County of Pueblo, seeking an order of possession of the property, naming as defendants the Assembly, the Gonzaleses and all unknown occupants of the property.  By order dated May 29, 1997, the state court adjudged Casa de Oro the rightful owner of the property.    [1]  See Appellee's Supp. App. at 2a.

---

[1]     Mr. Kalish and other Assembly members sought to intervene in the state court action as third-party plaintiffs.  They named as third-party defendants

(continued...)

In addition, the state court specifically found that Mr. Kalish lacked standing to invoke its jurisdiction as he failed to show any record interest in the property predating the federal district court's 1991 order. See id. at 3a.

Under the "full faith and credit" statute, 28 U.S.C. § 1738--which implements the Full Faith and Credit Clause of the Constitution--the state court's ruling precludes relitigation of the property's ownership in this forum. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (explaining that federal court must accord state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered"); see also Strickland v. City of Albuquerque, 130 F.3d 1408, 1411 (10th Cir. 1997). Under Colorado law, the doctrine of collateral estoppel bars relitigation of an issue when:

> (1) the issue is identical to that actually adjudicated in a prior proceeding; (2) the party against whom estoppel is asserted is a party

---

[1](...continued)
various federal and state entities and actors. The state court held a trial at which Mr. Kalish was present and during which he made a statement in open court. The state court entered an order of possession in favor of Casa de Oro but did not address Mr. Kalish's claims against the third-party defendants. The government removed the case to federal court on the same day the state court's order issued. Subsequently, the district court dismissed Mr. Kalish's claims against the federal and state government entities and actors on various immunity grounds and remanded to state court all outstanding issues of possession. We affirmed. See Casa De Oro, LLC v. Assembly of Yhwhhoshua, No. 98-1102, 1998 WL 833687 (10th Cir. Dec. 3, 1998) (unpublished disposition). On remand, the state court confirmed its earlier order of possession. See Appellee's Supp. App. at 5a.

or in privity with a party in the prior proceeding; (3) there was a final judgment on the merits; and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

S.O.V. v. People in Interest of M.C., 914 P.2d 355, 359 (Colo. 1996). Here, these elements are met and Mr. Kalish is estopped from relitigating the property's ownership--an issue already adjudicated in state court. See Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.").

For the foregoing reasons, we DENY Mr. Kalish's motion for leave to proceed on appeal without prepayment of fees under 28 U.S.C. § 1915, GRANT the government's motion to file a supplemental appendix, and AFFIRM the district court's orders. The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Circuit Judge