Russell E. **FREEMAN**, Plaintiff–Appellant,

v.

**DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

No. 91–1182.

United States Court of Appeals, Tenth Circuit.

Nov. 18, 1991.

Russell E. Freeman, pro se.

Gale A. Norton, Atty. Gen., State of Colo., Denver, Colo., for defendants-appellees.

Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Appellant Freeman appeals the district court's sua sponte dismissal of his complaint filed pursuant to 42 U.S.C. § 1983. We reverse the district court's dismissal and remand for further proceedings.

█ In reviewing the sufficiency of a complaint, the district court must "presume[ ] all of plaintiff's factual allegations

[to be] true and construe[ ] them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citation omitted); *see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Because the district court dismissed the complaint on the pleadings, we make the same presumption on appeal. *See Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976) (citation omitted); *Coleman v. Turpen*, 697 F.2d 1341, 1343 (10th Cir.1982).

█ The appellant alleges the following facts. Prison officials confiscated his stereo and refused to return it. The appellant filed several administrative grievances but obtained no relief. He then brought suit in small claims court. Subsequently, he requested a default judgment but received no response from the court. Over the next several months, the appellant repeatedly wrote to the court asking for the status of his case, but never received any reply. Nine months after the appellant brought the suit, prison officials induced him to dismiss it by informing him that they would return his stereo. They failed to do so.[1]

The appellant then filed suit under 42 U.S.C. § 1983 in the United States District Court for the District of Colorado. The court referred the matter to a magistrate, who recommended that the complaint be dismissed. The magistrate noted that

the taking of an individual's property does not implicate the due process clause *if there is an adequate, state, post-deprivation remedy. Hudson v. Palmer*, 468 U.S. 517, 533–36 [104 S.Ct. 3194, 3203–05, 82 L.Ed.2d 393] (1984); *Durre v. Dempsey*, 869 F.2d 543, 545–48 (10th Cir.1989). The State of Colorado pro-

standard than formal pleadings drafted by lawyers.... [I]f the [district] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.
*Hall*, 935 F.2d at 1110 (citations omitted).

---

**1.** A pro se litigant's pleadings are to be construed liberally and held to a less stringent

vides the plaintiff with an adequate state remedy through a civil suit if he has, in fact, incurred damages from the confiscation of his property.

Recommendation of United States Magistrate, Record, Tab 6, at 2 (emphasis added). The district court accepted the magistrate's recommendation and dismissed the complaint with prejudice. We have no dispute with the magistrate's statement of the law, but we believe that the magistrate and the district court failed to recognize that the pleadings below sufficiently alleged that the post-deprivational procedures were inadequate.

In *Durre*, we affirmed the district court's dismissal of a prisoner's pro se section 1983 complaint. We noted that Colorado provided a post-deprivation remedy through a statute permitting suits against the Department of Corrections. 869 F.2d at 547; *see* Colo.Rev.Stat. § 24–10–106(1)(b). We also noted that the appellant had "pleaded no facts showing that [he was] unable ... to follow the Colorado claim procedure." 869 F.2d at 547. The appellant's conclusory allegations of indigency, lack of counsel, and confinement in prison were not sufficient there to establish the unavailability of a state remedy against the prison under the Colorado statute. *See Hudson*, 468 U.S. at 533, 104 S.Ct. at 3203 ("an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a *meaningful* postdeprivation remedy for the loss is available") (emphasis added).

■ Here, the plaintiff sets forth specific facts suggesting that the state postdeprivation remedies were effectively denied to him. The fact that Colorado law permits a suit against a state correctional facility, *see* Colo.Rev.Stat. § 24–10–106(1)(b), may create a presumption of adequate due process and may stave off a facial attack, but it is not conclusive. The appellant has stated that he tried to make use of state procedures, but the state court never responded to any of his inquiries as to the status of his case. He alleges further that the prison officials, either through deception or promises not kept, wrongfully caused him to lose those state procedures. Thus, unlike in *Durre*, the appellant here has alleged specific facts showing that the state procedure has been unresponsive and inadequate. If in fact the state remedy was constitutionally insufficient, the appellant may have a cause of action under section 1983 for the confiscation of his property. *See Coleman v. Faulkner*, 697 F.2d 1347, 1349 (10th Cir. 1982) (post-deprivation remedies may be inadequate if the plaintiff does not have meaningful access to such remedies). The appellant may not be able to prove his allegations, but it was error to dismiss his complaint at the pleading stage.

Accordingly, we REVERSE the district court's dismissal of the appellant's complaint and REMAND for a hearing on the adequacy of the state remedy.