956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eugene MORRIS, Plaintiff-Appellant,
v.
R. Michael CODY, Warden; Doctor David Monjay, Defendants-Appellees.
 No. 91-7117.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The appellant filed suit under 42 U.S.C. § 1983 in the District Court for the Eastern District of Oklahoma, alleging that the appellees deprived him of his constitutional rights under the Eighth and Fourteenth Amendments by denying him steel-toed work shoes and proper medical care. The district court dismissed his complaint on the grounds that it was frivolous and meritless. On appeal, he alleges that he was improperly denied an evidentiary hearing and that he was entitled to an attorney to assist him in bringing his civil rights complaint. We grant the appellant's motion for leave to proceed in forma pauperis and application for a certificate of probable cause.
 
 
 3
 The appellant injured his left great toe when working with the Department of Correction. He was taken to a health center for emergency treatment and later transferred to a hospital. His treatment included various antibiotics and painkillers, daily dressing changes, whirlpool soaks (until the whirlpool broke), a fracture shoe, and several follow-up appointments. The appellant claims that this treatment was inadequate.
 
 
 4
 A difference of opinion as to treatment or diagnosis between a prisoner and the medical staff of the prison does not alone give rise to a cause of action under section 1983. Smart v. Villar, 547 F.2d 112, 114 (10th Cir.1976). Furthermore, the Constitution does not guarantee a prisoner the medical treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988). "In order to state a cognizable [section 1983] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 5
 We agree with the district court's determination that Mr. Morris failed to allege any acts or omissions by the appellees that are sufficient to establish a deliberate indifference to his medical needs and affirm for the reasons stated in the district court's September 27, 1991 Order.
 
 
 6
 The appellant also complains that he was improperly denied an evidentiary hearing. An evidentiary hearing was unnecessary, however, because a district court reviewing the sufficiency of a complaint presumes that the plaintiff's factual allegations are true. Freeman v. Department of Corrections, 949 F.2d 360, 361 (10th Cir.1991). Thus, there were no factual disputes requiring an evidentiary hearing.
 
 
 7
 Finally, the appellant's claim that he was entitled to an attorney to assist him in bringing his civil rights complaint is without merit. "There is no constitutional right to appointed counsel in a civil case." Durre v. Dempsey, 869 F.2d 543 (10th Cir.1989) (per curiam).
 
 
 8
 Accordingly, we AFFIRM the decision of the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3