Frederick H. LARSON, an individual, and Cliffs Synfuel Corporation, a Utah corporation, Plaintiffs,

v.

Manuel LUJAN, Jr., Secretary, Department of the Interior, et al., Defendants.

Civil No. 91–C–393J.

United States District Court, D. Utah, Central Division.

July 28, 1992.

Steven J. Lechner, Mountain States Legal Foundation, Denver, CO, Robert G. Pruitt,

Jr., Pruitt, Gushee & Bachtell, Salt Lake City, UT, for Plaintiffs.

Stephen L. Roth, Asst. U.S. Atty., U.S. Atty's Office, Salt Lake City, UT, Gerald S. Fish, Dept. of Justice, Washington, DC, for Defendants.

## Memorandum Opinion and Order

JENKINS, Chief Judge.

### I. Background

Frederick H. Larson ("Larson") and Cliffs Synfuel Corporation ("Synfuel") (collectively referred to as "plaintiffs") are applicants for patents to a number of unpatented oil shale placer mining claims. Larson owns one hundred fifty-six (156) claims covering approximately 24,960 acres located in Uintah County, Utah. Synfuel owns four (4) claims covering approximately 520 acres also located in Uintah County, Utah. In March of 1988, Larson filed with the Department a mineral patent application covering his 156 claims.[1] In March of 1989, Synfuel filed with the Department a mineral patent application covering its four claims.

In early 1989, the Department imposed a moratorium on the processing of applications covering oil shale mining claims (the "moratorium") and, pursuant thereto, delayed the processing of plaintiffs' applications. Frustrated by the delay, plaintiffs filed this action on April 17, 1991, seeking, *inter alia*, mandamus relief pursuant to Section 1361 of Title 28 of the United States Code ordering the Department to process plaintiffs' applications.[2] The majority of plaintiffs' claims were mooted, however, on June 18, 1991, when the United States Court of Appeals for the Tenth Circuit held that the moratorium imposed by the Department was illegal. *See Marathon Oil Company v. Lujan*, 937 F.2d 498 (10th Cir.1991). Pursuant to *Marathon Oil*, on September 9, 1991, the Department issued an instruction memorandum which stated that the moratorium was lifted.

At a status conference held on September 27, 1991, the Department informed the court that the moratorium had been lifted and that plaintiffs' applications were being processed. Consequently, nothing remained for the court to decide. Accordingly, the court ruled that the case would be dismissed without prejudice on October 31, 1991, unless plaintiffs raised a justiciable issue on or before that date. The attorneys for the parties conferred regarding the language to be placed in the order dismissing plaintiffs' action. During the negotiations, the attorneys became aware that Congress had appended a provision (the "Oil Shale Provision") to the Department's appropriations bill for the fiscal year ending September 30, 1992. This provision stated that no funds would be expended until October 1, 1992 for the processing of mineral patent applications on which the first half of the final certificate had not been signed. Because this provision had significant bearing on this case, the parties requested that the court extend the deadline for dismissal of the case to sixty (60) days from the October 31, 1991 deadline, or fifteen (15) days from the date the Department's appropriations bill became law, which ever occurred later. The court granted the parties' request and an order was filed to that affect.

On November 13, 1991, the Department's Appropriations Act (the "Act") for the fiscal year ending September 30, 1992 was passed. As anticipated, the Act contained the Oil Shale Provision which stated:

---

1. Plaintiffs brought this action against the Department of the Interior, the Secretary of the Department of the Interior, the Bureau of Land Management, the Director of the Bureau of Land Management, the Director of the Utah State office of the Bureau of Land Management, and the United States of America. In this Opinion, the named defendants are collectively referred to as the "Department" or as "defendants."

2. In addition to the mandamus relief requested, plaintiffs sought injunctive relief, declaratory relief and review of the Department's actions pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 702, 703 and 706(1). This additional relief, however, essentially duplicates the mandamus relief and, therefore, this opinion specifically refers only to the mandamus relief.

Notwithstanding any other provision of law, none of the funds in this or any other Act shall be available before October 1, 1992, to accept or process applications for patent for any oil shale mining claim located pursuant to the general mining laws or to issue a patent for any such oil shale mining claim, unless the holder of a valid oil shale mining claim has received first half final certificate for patent by date of enactment of this Act.

Pub.L. No. 102–154, 105 Star. 990 (1991).

On October 2, 1991, the Department completed the office adjudications on plaintiffs' applications. Accordingly, on that same day, the Department began publishing notice of plaintiffs' applications as required by Section 29 of Title 30 of the United States Code ("Section 29").[3] On December 2, 1991, the 60–day publication period for plaintiffs' applications expired and plaintiffs were advised by the Department that no adverse claims were filed against their applications. On that same day, therefore, plaintiffs tendered to the proper officer of the Department proofs of publication (the "proofs") and affidavits of continuous posting for their applications. Additionally, Synfuel tendered a statement of fees and charges and the statutorily required fees.[4]

Subsequently, the Department returned the proofs and the fees to plaintiffs, stating that the Oil Shale Provision prohibited the Department from processing plaintiffs' applications because they had not received first half final certificates. On December 17, 1992, plaintiffs filed a Motion for Leave to File an Amended and Supplemented Complaint. The Department did not object to plaintiffs' Motion and, therefore, the Amended and Supplemented Complaint was docketed. In addition to requests for relief similar to those contained in the original Complaint, the Amended and Supplemented Complaint raised claims regarding the constitutionality of the Oil Shale Provision.[5]

Subsequently, on January 24, 1992, the Department filed a Motion to Dismiss, claiming that both the original Complaint and the Amended and Supplemented Complaint fail to state a claim upon which relief can be granted. The court heard oral argument on the Department's motion on March 3, 1992 and took the matter under advisement. After carefully considering the file in this matter and the arguments of counsel, and for the reasons set forth below, the court hereby DENIES the Department's Motion to Dismiss.

## II. Discussion

Defendants have moved to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on a motion to dismiss for failure to state a claim

---

**3.** This provision states in pertinent part:

The register of the land office, upon the filing of such application ... shall publish a notice that such application has been made, for the period of sixty days, in a newspaper to be by him designated as published nearest to such claim.... If no adverse claim shall have been filed with the register of the proper land office at the expiration of the sixty days of publication, it shall be assumed that the applicant is entitled to a patent, upon the payment to the proper officer of $5 per acre, and that no adverse claim exists; and thereafter no objection from third parties to the issuance of a patent shall be heard, except it be shown that the applicant has failed to comply with [the applicable mining laws].

30 U.S.C. § 29 (1986).

**4.** Paragraphs 38 and 39 of plaintiffs' Amended and Supplemented Complaint state that on December 2, 1991, Larson also was ready, willing,

and able to tender the statement of fees and charges and the statutorily required fees and that Larson is still ready, willing, and able to tender these items.

**5.** The Amended and Supplemented Complaint argues that the Department's actions constituted a denial of due process and a taking of property without just compensation. The Amended and Supplemented Complaint also argues that the Oil Shale Provision is unconstitutional in that it denies plaintiffs due process and amounts to a taking of property without just compensation. Accordingly, the Amended and Supplemented Complaint requests declaratory judgment in this regard. Additionally, the Amended and Supplemented Complaint requests an order directing the Department to accept plaintiffs' documents and fees and issue Mineral Entry Final Certificates.

upon which relief can be granted, all well-pleaded matters in the complaint must be accepted by the district court as true. *Lone Star Indus., Inc. v. Horman Family Trust,* 960 F.2d 917, 918 (10th Cir.1992). Additionally, the complaint must be construed in the light most favorable to the plaintiff. *Freeman v. Department of Corrections,* 949 F.2d 360, 361 (10th Cir.1991). Thus, " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Shoultz v. Monfort of Colorado, Inc.,* 754 F.2d 318, 321 (10th Cir.1985), *cert. denied,* 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986), (*quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). With this standard in mind, the court now examines the issues raised in the instant case.

As noted above, on June 18, 1991, the United States Court of Appeals for the Tenth Circuit held that the moratorium imposed by the Department was illegal in *Marathon Oil. Marathon Oil* involved an application for six oil shale mining patents filed with the Colorado office of the Bureau of Land Management. By December 9, 1987, the *Marathon Oil* plaintiffs had filed all the papers required to process their applications pursuant to Section 29. Due to the moratorium, as of October of 1989, the applications had not been processed. Accordingly, plaintiffs filed suit in the United States District Court for the District of Colorado, requesting, *inter alia,* an order directing the *Marathon Oil* defendants to grant the patents. On June 20, 1990, the court ruled in favor of the plaintiffs and issued a writ of mandamus requiring the defendants to expeditiously complete administrative action on the application, to approve the application and to issue the patents within thirty days.[6] The defendants appealed this ruling.

On appeal, the Tenth Circuit affirmed the district court's order requiring the defen-

dants to complete their review of the application within thirty days. Thus, the court held that the moratorium imposed by the Department had to be discontinued, stating that "[a]dministrative agencies do not possess the discretion to avoid discharging the duties that Congress intended them to perform." *Marathon Oil,* 937 F.2d at 500. The court, however, held that the district court had exceeded its authority when it ordered the defendants to approve the application and to issue the patents. *Id.* at 501. In sum, the court held that "while the district court can compel the defendants to exercise their discretion, it cannot dictate how that discretion is to be exercised." *Id.*

The holdings of *Marathon Oil* are directly applicable to this case. The Tenth Circuit found that when the *Marathon Oil* plaintiffs had filed all the necessary papers required to process their application, they had met their obligation under Section 29 and that "[f]rom this point forward, the responsibility for approving [the] application lay with the [Department]." *Id.* The same obligation exists here. Plaintiffs filed the required papers with the Department in July of 1989. As yet, defendants have failed to fulfill their statutorily-imposed responsibility. Thus, viewing plaintiffs' complaints in the light most favorable to the plaintiffs, and taking the allegations contained therein as true, as this court must, the court finds that plaintiffs state a claim upon which relief may be granted.

Defendants contend that *Marathon Oil* is distinguishable from this case in that the Oil Shale Provision was not enacted at the time the *Marathon Oil* decision was issued. Defendants claim that the Oil Shale Provision precludes them from further processing plaintiffs' applications; that Congress, by enacting the Oil Shale Provision, removed any legal obligation defendants had to adjudicate plaintiffs' applications. The court disagrees.

The applicable mining laws at issue in *Marathon Oil* are also at issue in this case.

---

6. In addition to the mandamus relief ordered, the district court enjoined the defendants from failing to complete the administrative review of the application and from failing to issue the patents. *Marathon Oil,* 937 F.2d at 500. The district court also granted the plaintiffs' motion for summary judgment in which the plaintiffs requested the court to order the defendants to issue the patents. Id. The Tenth Circuit, however, reviewed all of the relief ordered by the district court as mandamus relief because the injunctive and summary judgment relief duplicated the mandamus relief. *Id.* at n. 3.

By enacting these mining laws, Congress placed a duty on the Department to process mineral patent applications in a timely fashion.[7] If Congress wished to extinguish this duty, it could have done so by amendment or repeal. In its wisdom, it did neither, choosing instead to simply withhold the necessary funding by enacting the Oil Shale Provision. Contrary to the Department's assertion, therefore, the Department's congressionally-imposed duty to process mineral patent applications in a timely fashion remains.

### III. Conclusion

The law and the Tenth Circuit's opinion in *Marathon Oil* impose on the Department an obligation to expeditiously complete administrative action on plaintiffs' applications. The Oil Shale Provision does not repeal this obligation. Thus, plaintiffs have alleged facts which will support a claim under a viable theory of law. Accordingly, defendants' Motion to Dismiss is DENIED.[8]

IT IS SO ORDERED.

---

**7.** In *Marathon Oil,* the Tenth Circuit noted that the district court's opinion contained a thorough explanation of the laws pertaining to oil shale mining. *Marathon Oil,* 937 F.2d at 499 n. 1. This court agrees. This explanation may be found in *Marathon Oil v. Lujan,* 751 F.Supp. 1454, 1474 (D.Colo.1990).

**8.** Because the court reaches its conclusions on the grounds stated above, it need not reach plaintiffs' constitutional claims.