989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth E. HALL, Jr., Plaintiff-Appellant,
v.
Gary MAYNARD, Director of Oklahoma Department of
Corrections; James Saffle, Warden O.S.P.; Bobby Boone,
Deputy Warden; Dan Reynolds, Warden M.A.C.C.; Laura
Maxwell, Case Manager, M.A.C.C.; Billy Keys, Law Library
Supervisor, Defendants-Appellees.
 No. 91-7110.
 United States Court of Appeals, Tenth Circuit.
 March 12, 1993.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Kenneth E. Hall, Jr., appeals from a district court order dismissing his 42 U.S.C. § 1983 complaint. Plaintiff, a state prisoner, alleged that defendants confiscated his tobacco ties, which are of religious significance, without due process; cut his hair in violation of his religious beliefs without a hearing; and retaliated against him for filing a previous lawsuit. After ordering submission of a special (Martinez ) report, the district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(d). We affirm in part, reverse in part, and remand for further proceedings.
 
 
 3
 On remand from this court, the district court denied plaintiff's motion for recusal. We review denial of a motion to recuse for abuse of discretion, Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir.1987), and find no abuse in the decision. See United States v. Carroll, 567 F.2d 955, 958 (10th Cir.1977) (bias or prejudice not established merely because judge has ruled against parties taking similar position as movant in other cases).
 
 
 4
 Plaintiff argues that he was entitled to a default judgment because defendants did not file the Martinez report within the time ordered. Given the strong preference for disposing of litigation on the merits and the lack of any allegation of prejudice to plaintiff, the district court's failure to grant plaintiff a default judgment was not an abuse of discretion. See Gulley v. Orr, 905 F.2d 1383, 1386 (10th Cir.1990).
 
 
 5
 Plaintiff's next contention is that, because affidavits and exhibits outside of the pleadings were submitted to and considered by the district court, the court should have treated defendants' motion to dismiss as a motion for summary judgment, and should have denied the motion because disputed issues of fact exist. In evaluating a pro se prisoner complaint, a Martinez report may be used to develop a record sufficient to determine whether there are any bases for the prisoner's claims. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). "Although a court may consider the Martinez report in dismissing a claim pursuant to § 1915(d), it cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits." Id. (citations omitted).
 
 
 6
 Defendants maintain that any factual disputes are immaterial because plaintiff failed to allege a violation of a legal interest. A complaint alleging violation of a legal interest that clearly does not exist, or that is based on an indisputably meritless legal theory, may be dismissed as frivolous under § 1915(d). Neitzke v. Williams, 490 U.S. 319, 327 (1989). We review the district court's conclusion that the complaint was frivolous for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 7
 In Count I plaintiff alleges that he was deprived of his tobacco ties without due process. A prisoner may not be deprived of property by persons acting under color of state law without due process. Parratt v. Taylor, 451 U.S. 527, 537 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). An unauthorized deprivation of property by a state employee is not a due process violation if a meaningful postdeprivation remedy is available, however. Freeman v. Department of Corrections, 949 F.2d 360, 362 (10th Cir.1991). Due process is violated only if that postdeprivation procedure is unavailable, unresponsive, or inadequate. Id.
 
 
 8
 Here, plaintiff had a postdeprivation remedy available and, in fact, pursued that remedy by filing a grievance over the incident. Defendant Saffle did not respond to the grievance because plaintiff submitted a copy rather than the original. Plaintiff refused to file the original, stating that he was required to provide the original grievance to the federal court. We conclude Count I is frivolous. A postdeprivation remedy was available if plaintiff followed the proper procedures.
 
 
 9
 In Count II plaintiff alleges that, upon his arrival at the Oklahoma State Penitentiary (OSP), defendants cut his hair without first deciding whether he was entitled to an exemption from the prison grooming requirement, and then ignored his request for an exemption when he did apply. Plaintiff later acknowledged that the request for an exemption was denied, but claimed that defendants ignored his appeal from the denial of the exemption. After conducting an investigation and holding a hearing, the prison denied plaintiff an exemption on the ground that "[t]here is not sufficient evidence to indicate the inmate is a sincere adherent to the religion, or his practice is inhibited by [the prison grooming code]." Facility Classification Committee Review, R.Vol. I, doc. 14, attach. G.
 
 
 10
 The Inmate Grooming Code provides that a new reception at the facility "shall receive a haircut ... unless he has an exemption for religious reasons.... If the exception has been granted at the sending facility ... it shall be honored at Oklahoma State Penitentiary." Inmate Grooming Code, par. 5, R.Vol. I, doc. 14, attach. E. Plaintiff does not dispute that he had not been granted an exemption prior to his arrival at OSP. Defendants claim there was no record that plaintiff applied for an exemption previously; plaintiff alleged that he had applied at the Mack Alford Correctional Center (MACC). Whether plaintiff had applied for an exemption at the MACC is irrelevant, however, because he would have been exempt from the haircut requirement only if he had already been granted an exemption. While the Code provides that an inmate is not required to comply with the grooming standards until the expiration of five working days from the date he receives the decision on the exemption or until disposition of his appeal, nothing in the Code permits an inmate to apply for an exemption and receive a decision on the application before having his hair cut.
 
 
 11
 A prisoner's right to exercise his religion is not absolute. Rather, the First Amendment requires that an inmate be accorded a reasonable opportunity to pursue his religion. Mosier v. Maynard, 937 F.2d 1521, 1525 (10th Cir.1991). "However, what constitutes a reasonable opportunity must be evaluated with reference to legitimate penological objectives of the prison...." Id. An infringement of a constitutional right is valid in prison if it is "reasonably related to legitimate penological objectives." Id. The four factors to consider in making the reasonableness inquiry are 1) whether a valid, rational connection exists between the prison policy and the legitimate governmental interest advanced as justification; 2) whether alternative means of exercising the constitutional right remain open to prisoners; 3) what impact accommodation of the asserted constitutional right will have on guards, other inmates, and the allocation of prison resources generally; and 4) whether alternatives exist that would accommodate the prisoner's rights at little cost to valid prison interests. Turner v. Safley, 482 U.S. 78, 89-90 (1987). We have held that the reasonableness of a procedure for obtaining a religious exemption from a prison grooming policy should be evaluated under Turner. Mosier, 937 F.2d at 1527.
 
 
 12
 The legitimate governmental interests offered as justification for the grooming code are safety, security, identification, and hygiene. Plaintiff alleged no facts indicating that under Turner, the grooming code procedures are not reasonably related to these legitimate penological interests. Rather, he apparently claims an absolute right to apply for an exemption before his hair is cut. He has alleged violation of a legal interest that does not exist.
 
 
 13
 Plaintiff also maintains that the failure of prison officials to rule on his appeal from the exemption decision violated his constitutional rights. There is no due process right to an appeal if a full and fair trial on the merits has been provided. Lindsey v. Normet, 405 U.S. 56, 77 (1972). Plaintiff has not alleged that the hearing on his application for an exemption was not full and fair.[1] We conclude that Count II was properly dismissed as frivolous.
 
 
 14
 In Count III plaintiff alleges that he mailed his complaint in Hall v. Bellmon on January 22, 1990, that he informed defendant Maxwell of this fact on January 23, 1990, at a disciplinary hearing, and that Maxwell found him guilty, then telephoned defendant Reynolds and informed him of the lawsuit. One-half hour later plaintiff was placed in the disciplinary unit where all legal assistance was refused by the law library supervisor, then he was transferred to OSP on January 26, 1990. He was placed in the disciplinary unit two weeks later where he was not allowed to shower, legal mail was refused to be mailed by the mail room supervisor, and his religious exemption application was ignored. He filed grievances over these incidents with defendant Saffle that have been ignored. Defendant Keys, the law library supervisor, has denied him legal services and assistance on many occasions. These acts are part of a conspiracy to seek retaliation and retribution against plaintiff for filing Hall v. Bellmon.
 
 
 15
 The district court concluded that plaintiff failed to show prison officials denied him adequate, effective, and meaningful access to the law library, as required by Bounds v. Smith, 430 U.S. 817, 829 (1977); that the claims regarding denial of showers and mailing privileges were vague, general assertions wholly unsupported by existing facts; and that there was evidence to support the finding of guilt in connection with the disciplinary charge.
 
 
 16
 Prison officials may not retaliate against prisoners for exercising their constitutional right of access to the courts. Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990). Thus, although a prisoner may not, for example, have a constitutional right to remain in a particular institution or to a particular job assignment, prison officials may not transfer him or deny him a job assignment in retaliation for the exercise of constitutionally protected activity. See Williams v. Meese, 926 F.2d 994, 998 (10th Cir.1991); Frazier v. Dubois, 922 F.2d 560, 561-62 (10th Cir.1990).
 
 
 17
 In Frazier, a prisoner filed a complaint alleging that he was transferred in retaliation for First Amendment activity. The district court dismissed the complaint as frivolous under § 1915(d) on the ground that the government has discretion to transfer prisoners for any or no reasons. Id. at 561. We concluded that, while the prisoner had no constitutional right not to be transferred, he did have a constitutional right not to be transferred in retaliation for the exercise of his First Amendment rights. Id. at 561-62. Because the prisoner might have been able to prove that his transfer was the result of retaliation, we concluded that the claim was not frivolous, and we reversed and remanded for further consideration. Id. at 562.
 
 
 18
 We reach the same conclusion here with respect to Count III. It may be true that the law library access provided to plaintiff was constitutionally adequate, or that his disciplinary proceeding comported with due process requirements. However, plaintiff may be able to prove that the denial of additional access to the law library or the discipline and transfer were imposed in retaliation for filing the prior lawsuit. We therefore reverse and remand the dismissal of these portions of Count III for further consideration in light of Frazier. Because plaintiff failed to allege that any of the named defendants were responsible for the denial of showers or free postage, we uphold dismissal of these claims.
 
 
 19
 Plaintiff failed to identify any additional facts he could allege to establish his claims in Counts I and II. We conclude the district court did not abuse its discretion by dismissing the complaint without leave to amend. See Denton, 112 S.Ct. at 1734.
 
 
 20
 We reject plaintiff's remaining contentions as meritless.
 
 
 21
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings. The mandate shall issue forthwith.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Even if prison regulations provide a right to appeal the denial of an exemption to the grooming requirement, which would be more procedural rights than the U.S. Constitution would require, a state's failure to abide by regulations relating only to procedure is not a federal due process issue. Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990)