13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Myron Ray CARTER, Plaintiff-Appellant,
Paul FERLET, Ben Atencio, Henry Tafoya, Andy Meadows,
Richard Fluharty, Roger Lucero, Floyde W. Pineda, Plaintiffs,
v.
Frank GUNTER, Ben Griego, Lou Hesse, Thomas Cooper;
Classification Committee, John Carroll, Darrell Braden,
Charles Linum, John Hadly, Mike Rayn; Officer Showalter;
Officer Wedekind, Richard Martinez, Defendants-Appellant,
Myron Ray CARTER, Plaintiff-Appellant,
v.
Ralph PADOVEN; Buena Vista Mail Room, Defendants-Appellees.
 Nos. 92-1354, 93-1106.
 United States Court of Appeals, Tenth Circuit.
 Nov. 23, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 Case No. 92-1354
 
 2
 Plaintiff Myron Ray Carter appeals from the district court's order entered October 15, 1992, dismissing his combined civil rights complaint and 28 U.S.C. 2254 petition.[2] Plaintiffs, inmates in the Fremont Correctional Facility, filed a pro se action[3] under 42 U.S.C.1983, alleging defendants violated their constitutional rights. Plaintiffs sought removal from administrative segregation, restoration of lost good-time and earned-time credits, and money damages. They also requested appointment of counsel.
 
 
 3
 The district court referred the matter to a magistrate judge, who construed the complaint in part as a petition for habeas corpus under 28 U.S.C. 2254. The magistrate judge recommended that the complaint and petition be dismissed, and that the motion for appointment of counsel be denied. Plaintiffs did not file timely objections to the recommendation, and the district court adopted the recommendation and dismissed the complaint and civil action. Plaintiff Carter then filed a motion for enlargement of time to file objections to the recommendation, which was denied.
 
 
 4
 On appeal, plaintiff Carter first asserts defendant Padoven prevented him from timely mailing a motion for enlargement of time to address his objections to the magistrate judge's recommendations. He failed to specify, in his motion for enlargement of time, or in his appeal brief, the substance of his objections to the magistrate judge's recommendations. Nevertheless, we will review de novo the district court's order adopting the magistrate judge's recommendation.
 
 
 5
 We liberally construe plaintiff's assertions. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Plaintiffs' 1983 complaint was properly dismissed only if it fails to allege facts to support their claim that defendants were acting under color of state law and deprived plaintiffs of their federal constitutional rights. See Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988).
 
 
 6
 The magistrate judge properly applied the law in determining that plaintiffs' factual allegations concerning removal from the general prison population, transfer between state prison facilities, and classification for custody levels are not sufficiently specific to allege deprivations of constitutional rights. The magistrate judge correctly stated that plaintiffs failed to assert any facts concerning their placement in administrative segregation; therefore, their complaint was too vague and conclusory to survive dismissal. Plaintiffs also claimed they were subjected to cruel and unusual punishment; however, the magistrate judge correctly pointed out plaintiffs failed to allege any facts constituting deliberate indifference on the part of defendants.
 
 
 7
 Plaintiffs asserted that defendants conspired to deprive them of their rights, but as the magistrate judge pointed out, they did not plead facts supporting even an inference of shared conspiratorial objective. See Snell v. Tunnell, 920 F.2d 673, 701-02 (10th Cir.1990), cert. denied, 111 S.Ct. 1622 (1991). Further, although plaintiff Carter alleged that defendants conspired to discriminate against him on the basis of race, there is no factual allegation identifying Carter's race. Plaintiffs' claims that defendants denied them participation in educational opportunities and jobs are not supported by any factual allegations and, as the magistrate judge noted, there is no constitutional obligation for states to provide such programs. See Battle v. Anderson, 788 F.2d 1421, 1426-27 (10th Cir.1986). Finally, plaintiffs' claim of deprivation of property is not cognizable in this federal action, because the state of Colorado provides a post-deprivation remedy through a civil suit, and plaintiffs have not pleaded facts showing that this remedy has been denied them. See Freeman v. Dep't of Corrections, 949 F.2d 360, 362 (10th Cir.1991). The 1983 complaint, construed liberally, failed to allege facts which if true would state a cause of action, and was therefore properly dismissed.
 
 
 8
 The district court also dismissed the request for lost good-time and earned-time credits, which the magistrate judge liberally construed as a petition for habeas corpus. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Because plaintiffs failed to allege that they have exhausted state remedies, the district court properly declined to address the petition.
 
 Case No. 93-1106
 
 9
 Plaintiff Myron Ray Carter appeals the dismissal of his complaint filed pursuant to 42 U.S.C.1983 and 18 U.S.C. 241-42, alleging defendant Padoven violated his First, Sixth and Fourteenth Amendment rights by interfering with his legal mail and denying him access to the courts. Carter asserts that the district court erred in (1)adopting the magistrate judge's recommendation based on his failure to object to it within ten days; and (2)not providing him notice of and time to amend deficiencies in the complaint.
 
 
 10
 We have reviewed the briefs and the record and cannot add significantly to the analysis in the magistrate judge's recommendation of February 5, 1993, which was adopted by the district court. Furthermore, we note that, contrary to plaintiff's assertions on appeal, the district court reviewed plaintiff's objections to the magistrate judge's recommendation. See I R. doc. 9. We deny plaintiff's motion for appointment of counsel.
 
 
 11
 AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The notice of appeal was received by the district court clerk on November 18, 1992, two days after expiration of the 30-day time limit specified in Fed. R.App. P. 4(a). The certificate of mailing accompanying the notice of appeal, however, is dated November 13, 1992; therefore, we treat the appeal as timely filed. Houston v. Lack, 487 U.S. 266, 276 (1988) (an inmate's notice of appeal is deemed filed when delivered to prison authorities for forwarding to the district court)
 
 
 [3]
 Although plaintiffs characterized their suit as a "class action," no class was certified and we do not address any issues pertaining to class certification