23 F.3d 339
 Dale R. SMITH, Plaintiff-Appellant, and
Scott Kelly Janke, Siyani F. Masamba, also known as Freddie
Glenn, Michael A. Lopez, Ross Nix, individually
and on behalf of all others similarly
situated, Plaintiffs,
v.
COLORADO DEPARTMENT OF CORRECTIONS and Aristedes W. Zavaras,
Executive Director, in his official capacity,
Defendants-Appellees.
 No. 93-1459.
 United States Court of Appeals,
Tenth Circuit.
 May 3, 1994.
 
 Submitted on the Briefs:*
 Dale R. Smith, pro se.
 Before MOORE, ANDERSON and KELLY, Circuit Judges.
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Mr. Smith, appearing pro se and in forma pauperis, appeals the district court's dismissal of his complaint for class action declaratory and injunctive relief. The district court adopted the magistrate judge's report indicating that Mr. Smith could not challenge an amendment to the prison regulations eliminating nonessential property storage by the institution when an inmate is placed in maximum security or administrative segregation. Mr. Smith alleges that inmates will be deprived of property (such as radios and televisions) because regressed inmates will no longer be able to have their property stored and later returned. Instead, the property must be mailed out of the institution, and cannot be mailed back. An inmate would be required to repurchase an item at considerable expense, at the institution's canteen. Mr. Smith alleges that the rationale, or even penalty, for regression may be wholly unrelated to the property and the inmate is not given an opportunity to respond or oppose what amounts to a permanent deprivation. I R. doc. 7 at 3-4.
 
 
 2
 We review the district court's dismissal of the complaint de novo, construing the allegations of this pro se complaint liberally, as true, and in the light most favorable to the plaintiffs. See Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir.1991). Dismissal of the complaint is appropriate only where it is clear that plaintiff can prove no set of facts which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 99, 102-03, 2 L.Ed.2d 80 (1957). We have approved sua sponte dismissal in the absence of notice and an opportunity to amend when it is apparent that it would be futile. McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991).
 
 
 3
 The magistrate judge determined that the complaint did not implicate the due process guarantees of the United States Constitution because the inmates had an adequate postdeprivation remedy; Colorado has waived sovereign immunity for torts resulting from the operation of a correctional facility, Colo.Rev.Stat. Sec. 24-10-106(1)(b) (1988). See Freeman v. Department of Corrections, 949 F.2d 360, 362 (10th Cir.1991); Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir.1989). Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203-04, 82 L.Ed.2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 538-39, 101 S.Ct. 1908, 1914-15, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). As Mr. Smith correctly points out, however, this applies to random, unauthorized acts by state employees, not a property deprivation authorized by an established state procedure, normally requiring a predeprivation hearing. See Hudson, 468 U.S. at 532, 104 S.Ct. at 3203; Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148, 1157-58, 71 L.Ed.2d 265 (1982); Parratt, 451 U.S. at 541, 101 S.Ct. at 1916; Abbott v. McCotter, 13 F.3d 1439, 1442 n. 3 (10th Cir.1994); Gillihan v. Shillinger, 872 F.2d 935, 939-40 (10th Cir.1989). With only the complaint before us which indicates that inmates are allowed to purchase and retain property under the regulations, we cannot definitively conclude that federal procedural due process is not implicated by the facts as alleged in the complaint. Cf. Abbott, 13 F.3d at 1442 n. 3.
 
 
 4
 No facts in the complaint, however, confer standing upon Mr. Smith to challenge the amended regulation, which would be evaluated on its reasonableness. See Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987). Mr. Smith contends that he has twice been regressed to higher security facilities, it is foreseeable that it could recur given that he has twenty-seven years to serve, and that being regressed is a common occurrence among inmates. Aplt.Br. (A-12) at 3. This does not suffice for the concrete, actual or imminent injury suffered by the plaintiff required for standing, "an indispensable part of the plaintiff's case" for declaratory and injunctive relief. See Lujan v. Defenders of Wildlife, --- U.S. ----, ---- - ----, 112 S.Ct. 2130, 2136-37, 119 L.Ed.2d 351 (1992); City of Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983); Stewart v. McGinnis, 5 F.3d 1031, 1037-38 (7th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1075, 127 L.Ed.2d 393 (1994). At this point, any alleged deprivation is conjectural and speculative.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument