**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TROY HARRIS,

Plaintiff-Appellant,

v.

MIKE CHABRIES, BLAKE NELSON,
SCOTT CARVER, CLINT FRIEL, and
MICHAEL SIBBETT,

Defendants-Appellees.

No. 04-4139

(D. Utah)

(D.C. No. 2:02-CV1010-PGC)

### ORDER AND JUDGMENT[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

Troy Harris, a Utah state prisoner proceeding pro se, filed this 42 U.S.C §

1983 action against state corrections officials.  He alleged that (1) the defendants'

systems for classifying inmates, assigning housing, and providing programs

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. See FED. R. APP. P. 34(f); 10TH CIR. R. 34.1 (G).

violate his due process rights; (2) the defendants violated his due process rights by taking items of personal property from him; (3) the defendants violated his Eighth Amendment rights by failing to protect him from other inmates; and (4) the defendants violated his right of legal access to the courts. Mr. Harris sought damages, as well as an injunction directing the defendants to return his property to him.

The district court denied Mr. Harris's motion for injunctive relief and, pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed his complaint for failure to state a claim on which relief could be granted. We review de novo the dismissal of a complaint under § 1915(e)(2)(B)(ii), accepting the allegations in the complaint as true and viewing them in the light most favorable to the plaintiff. Perkins v. Kansas Dep't of Corrs., 165 F.3d 803, 806 (10th Cir. 1999). We construe the allegations in a pro se complaint liberally, and "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Id.

Applying these standards, we agree with the district court, for substantially the same reasons set forth in its thorough and well-reasoned order, that Mr. Harris has failed to state a claim on which relief can be granted and that it would be futile to give him an opportunity to file an amended complaint. First, as to his

challenge to the defendants' inmate classification system, housing assignments, and program assignments, Mr. Harris has failed to allege "an atypical and significant hardship . . . in relation to the ordinary incidents of prison life" that would trigger the protections of the Due Process Clause. See Sandin v. Connor, 515 U .S. 472, 485 (1995). Second, as to his claim involving the taking of his property, Mr. Harris has failed to allege that state law post-deprivation remedies for such actions were inadequate; absent such an allegation, the taking of his property does not violate due process. See Freeman v. Dep't of Corrs., 949 F.2d 360, 362 (10th Cir. 1991). Third, as to his claim that the defendants did not protect him from attacks by other inmates, Mr. Harris's complaint does not allege that he suffered a substantial risk of serious harm or that the defendants were deliberately indifferent to his safety. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). Finally, as to his claim regarding the alleged denial of access to the courts, Mr. Harris has failed to allege that "the denial of legal resources hindered [his] efforts to pursue a nonfrivolous claim." Penrod v. Zavaras, 94 F.3d 1399, 1402 (10th Cir. 1996).

Accordingly, we AFFIRM the district court's denial of Mr. Harris's motion for injunctive relief and its dismissal of his complaint. Because we have affirmed the district court's dismissal of Mr. Harris's complaint, the district court's dismissal and our affirmance now count as a single strike under 28 U.S.C. §

1915(g).  See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999).

Finally, we grant Mr. Harris's motion to allow this appeal to proceed without prepayment of the appellate filing fees.  We remind Mr. Harris of his obligation to make partial payments until the entire filing fee has been paid.


Entered for the Court,


Robert H. Henry
Circuit Judge