

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2006

# Jordan v. Horn

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3541

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jordan v. Horn" (2006). *2006 Decisions*. Paper 1615.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1615

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-61                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3541

THOMAS JORDAN,

Appellant

v.

MARTIN HORN, Secretary, Department of Corrections;
WILLIAM LOVE; JOHN DOE, 1; JOHN DOE, 2; ROBERT BITNER,
Chief Hearing Examiner; FREDERICK A. ROSEMEYER;
JAMES C. HENDERSON; DAVID W. PITKINS; JOHN PAUL;
NICHOLAS PONCHIONE; CAPTAIN JOHN WILLIAMS; MICHAEL FLYNN;
VICKIE VISH; SERGEANT TSIKALAS; JAMES BENCH;
LIEUTENANT HILER; LIEUTENANT MCGUFF; LIEUTENANT CORRAN;
OFFICER CRISSEY; RAYMOND J. SOBINA; DEPUTY FILINO;
SYLVIA GIBSON; JOSEPH H. ROLLINS; KERRI CROSS;
LIEUTENANT WIRECK; CAPTAIN PAPUGA; SUSAN DARR;
CORRECTIONAL OFFICER DOYKA; CORRECTIONAL OFFICER VIGAS;
CORRECTIONAL OFFICER GOTTSCHALK

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 00-CV-00036J)
District Judge: Honorable David Stewart Cercone

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2005

Before: ROTH, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed   February 9, 2006 )

PER CURIAM

Thomas Jordan, a Pennsylvania prisoner, filed this § 1983 action alleging violations of his rights under the First, Eighth, and Fourteenth Amendments, arising primarily out of an incident in June, 1999. Jordan alleges that he was verbally threatened and harassed with racial comments by Correctional Officer Flynn at S.C.I. Laurel Highlands (the "Flynn incident").

The factual and procedural background of the case is well known to the parties and is fully set forth in the Magistrate Judge's Report entered July 1, 2003. We affirmed the District Court's order entered June 29, 2001 to the extent that it dismissed Jordan's race discrimination, disproportionate disciplinary sanctions, procedural due process, denial of access to the courts, and retaliatory transfer and mail confiscation claims. See Jordan v. Horn, C.A. No. 01-2843 (3d Cir. Oct. 17, 2002). We vacated the order as to two claims that certain defendants retaliated against Jordan for pursuing a complaint to the Warden and prison grievance concerning the Flynn incident by subjecting him to false disciplinary charges on June 23, 1999 and July 9, 1999, and his claim that certain legal and non-legal property was lost or destroyed upon his transfer to S.C.I. Somerset without procedural due process (the "destruction of property claim"). On remand, the District Court adopted the Magistrate Judge's Report and granted summary judgment in the defendants' favor, dismissing the destruction of property claim and one of the retaliation claims. Jordan

timely appealed. We remanded for consideration of the remaining retaliatory discipline claim, but retained jurisdiction. The District Court has granted summary judgment on that claim.

We exercise plenary review over the District Court's grant of summary judgment pursuant to Fed. R. Civ. P. 56(c). Public Interest Research of N.J. v. Powell Duffryn Terminals, Inc., 913 F.2d 64, 71 (3d Cir. 1990). Because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's orders entered August 18, 2003, and September 15, 2005.

We conclude that the District Court properly granted summary judgment as to both of Jordan's retaliation claims for the reasons set forth in the Magistrate Judge's Report issued on July 1, 2003, and by the District Court in its Memorandum Opinion entered September 15, 2005. With respect to the destruction of property claim, the Magistrate Judge determined that the DOC conducted an independent investigation of Jordan's lost/destroyed property grievances which showed that the property was inventoried at both prison sites and that Jordan signed the appropriate inventory sheets acknowledging that this property and his legal materials had been returned to him. Because the DOC had investigated the grievance and responded to Jordan, the Magistrate Judge concluded that the absence of a final response to Jordan's appeal of the denial of his grievance did not render inadequate an otherwise adequate post-deprivation remedy. Jordan did not submit any evidence contradicting the substance of the DOC investigation. We agree with the Magistrate Judge's conclusion that the defendants were entitled to summary judgment on

the destruction of property claim.  Although the failure of the Central Office to render a decision on Jordan's appeal is not commendable, we cannot say that such a failure deprived Jordan of any meaningful access to a post-deprivation remedy, based on the undisputed facts in this case.[1]  Therefore, the District Court properly granted summary judgment with respect to this claim.

Accordingly, we will affirm the judgment of the District Court.

---

[1] We find this case factually distinguishable from <u>Freeman v. Dep't of Corrections</u>, 949 F.2d 360 (10th Cir. 1991).  There, Freeman had no meaningful access to any post-deprivation remedy because the defendant prison officials actively thwarted Freeman's attempts to grieve the loss of his stereo player through the prison grievance system and they caused him to drop his civil court lawsuit on their false promise that his stereo player would be returned to him.  In Freeman's case, even the court failed to respond to his numerous requests regarding the status of his lawsuit.