FILED
United States Court of Appeals
Tenth Circuit

April 21, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JEFFREY B. LARSEN,

  Plaintiff - Appellant,

  v.

CARL R. JOHNSTON, Spanish Fork City
Police Officer,

  Defendant - Appellee.

No. 08-4184
(D. Ct. No. 2:08–CV–00503–TC–DN)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Jeffrey B. Larsen filed a civil action under 42 U.S.C. § 1983 against Defendant-Appellee Lieutenant Carl R. Johnston of Utah's Spanish Fork City Police Department. Mr. Larsen alleged that Mr. Johnston violated his constitutional right

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to privacy, under both state and federal law, by informing Mr. Larsen's stepmother that Mr. Larsen had been cited for driving without insurance and that he would need to pick up a summons at the police station. The district court granted Mr. Johnston's motion to dismiss, concluding that even if the facts alleged by Mr. Larsen were true, they did not state a claim for relief. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

Mr. Larsen was involved in a traffic accident and provided the investigating officer with evidence of automobile insurance. Several days later, the officer discovered that Mr. Larsen's insurance company had cancelled his policy because he had failed to make premium payments. The officer issued a misdemeanor citation for Mr. Larsen for driving without insurance. Mr. Johnston attempted to call Mr. Larsen to serve the citation and ask him to come to the station to pick up a summons. Instead, he reached Mr. Larsen's stepmother. He informed her of the citation and requested that she relay the message to Mr. Larsen.

Mr. Larsen filed a § 1983 claim in district court, alleging that Mr. Johnston violated his right to privacy. Mr. Johnston moved to dismiss for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). After a hearing, the district court determined that Mr. Larsen had failed to allege facts that could give rise to a

viable claim.  Mr. Larsen did not appear at the hearing.[1]

On appeal, Mr. Larsen argues that the court erred in granting Mr. Johnston's motion to dismiss because his right to privacy was violated under both the U.S. Constitution and the Utah Constitution.[2]

## II. DISCUSSION

We review a Rule 12(b)(6) dismissal de novo, applying the same standard as the district court.  *Boutwell v. Keating*, 399 F.3d 1203, 1208 (10th Cir. 2005).  To withstand a motion to dismiss, a plaintiff must state a claim for relief "that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  Accordingly, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (and not just

---

[1]Mr. Larsen contends that the district court failed to notify him of the hearing.  The district court's docket report indicates that timely notice was sent to Mr. Larsen's home address.  In the absence of reliable contrary evidence, courts presume that such entries are accurate.  *See, e.g.*, *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001); *Arnold v. Wood*, 238 F.3d 992, 995 (8th Cir. 2001).  Mr. Larsen's statement is not enough to overcome this presumption.

[2] In his brief, Mr. Larsen does not clearly identify the law on which he bases his claim.  He mentions only a "right to privacy."  The record indicates, however, that he has previously cited both Article I, § 14 of the Utah Constitution and the United States Constitution in support of his claim.  We construe his argument liberally and perceive that he bases it on the law of each these constitutions.  *See Freeman v. Dep't of Corrections*, 949 F.2d 360, 361 n.1 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").  However, he has provided scant factual detail and no legal support for a separate claim that the district court caused him to suffer an anxiety attack.  We therefore dismiss that claim.  *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (stating that although "[w]e liberally construe plaintiff's pro se pleadings . . . [t]his liberal construction . . . will not relieve plaintiff of his burden of presenting sufficient facts to state a legally cognizable claim") (citation omitted).

speculatively) has a claim for relief. *Id.* at 1248. We presume the plaintiff's factual allegations to be true and construe them "in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). When a pro se litigant's pleadings can be reasonably read "to state a valid claim on which the plaintiff could prevail, [we] do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* at 1110. Nevertheless, it is not our proper function "to assume the role of advocate for the pro se litigant." *Id.*

The Due Process Clause of the Fourteenth Amendment safeguards the privacy of an individual's personal information from government disclosure. *Nilson v. Layton City*, 45 F.3d 369, 371 (10th Cir. 1995). There is, however, no constitutional right to privacy in information that is readily available to the public, including arrest records, judicial proceedings, and information contained in police reports. *Id.* at 372. Because "a validly enacted law places citizens on notice that violations thereof do not fall within the realm of privacy," *id.*, the constitutional right to privacy does not extend to misdemeanor citations.

Mr. Larsen violated a validly enacted law and was therefore on notice that his citation was not protected from disclosure under the Due Process Clause. Accordingly, we conclude that he has failed to state a plausible claim for relief under the U.S. Constitution.

The Utah Constitution states:

The right of the people to be secure in their persons, houses, papers and

effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, particularly describing the place to be searched, and the person or thing to be seized.

Utah Const. art. I, § 14. "Individual States may surely construe their own constitutions as imposing more stringent constraints on police conduct than does the Federal Constitution." *California v. Greenwood*, 486 U.S. 35, 43 (1988). Mr. Larsen does not argue—and we find no indication—that Utah courts have construed the Utah Constitution to provide a broader privacy right in misdemeanor citations than is provided under the U.S. Constitution. We therefore conclude that Mr. Larsen has failed state a plausible claim for relief under the Utah Constitution.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of Mr. Johnston's motion to dismiss.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge