FILED
United States Court of Appeals
Tenth Circuit

April 6, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHAWN D. ALLEN,

        Plaintiff-Appellant,

v.

R. REYNOLDS, R. LEYBA, and
T. FILER,

        Defendants-Appellees.

No. 11-1266
(D.C. No. 1:09-CV-02605-WJM-MJW)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

Plaintiff Shawn D. Allen is a prisoner of the State of Colorado appearing

pro se. He appeals from the district court's entry of judgment in favor of

defendants, three state corrections officers, on his claims for damages asserted in

this civil rights action filed pursuant to 42 U.S.C. § 1983. In addition, he has

filed a motion for leave to proceed on appeal in forma pauperis (IFP). The

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court denied him leave to proceed IFP on appeal, stating that Mr. Allen presented no nonfrivolous issues for appeal. R., Vol. 1, at 379. We agree. Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Allen's motion for leave to proceed IFP, dismiss the appeal as frivolous, and assess a strike under 28 U.S.C. § 1915(g).[1]

## I. Background

Mr. Allen complains about events that allegedly occurred when he was incarcerated at the Arrowhead Correctional Facility. In November 2009, he filed this suit seeking $50,000 in compensatory damages and unspecified punitive damages. He alleged that Officer Reynolds retaliated against him after he filed a grievance against Officer Reynolds for alleged misconduct and that Warden Leyba and Major Filer failed to supervise Officer Reynolds.

Mr. Allen's complaint contains headings labeled "Claim One" and "Claim Two," but the complaint appears to attempt to assert two claims under each of these headings for a total of four claims. "Claim One" is against Officer Reynolds. It alleges that he retaliated against Mr. Allen by taking his personal property. The first claim under "Claim One" alleges that Mr. Allen was deprived of his property without procedural due process in violation of the

---

[1]     Because Mr. Allen is representing himself, we liberally construe his pleadings; however, we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Fourteenth Amendment.[2]  The second claim under "Claim One" is for violation of his First Amendment rights based on Officer Reynolds' taking his property in retaliation for Mr. Allen's filing a grievance against Officer Reynolds.

"Claim Two" is against Warden Leyba and Major Filer.  It first alleges that they deliberately failed to supervise Officer Reynolds and thereby contributed to the alleged retaliatory violation of Mr. Allen's First and Fourteenth Amendment rights.  It also arguably alleges a second claim of deliberate indifference in violation of the Eighth Amendment, but Mr. Allen indicated to the district court that he was not making an Eighth Amendment claim.

The defendants moved under Fed. R. Civ. P. 12(b)(6) to dismiss all but the First Amendment retaliation claim.  They also moved to dismiss Mr. Allen's request for compensatory damages.  The magistrate judge recommended that the motion be granted, and the district court agreed.  As to the remaining claim, Mr. Allen then amended it to allege only that Officer Reynolds retaliated against him by taking 68 family photographs in violation of his First Amendment rights.

Officer Reynolds next moved under Fed. R. Civ. P. 56 for summary judgment on the First Amendment retaliation claim.  The magistrate judge

---

[2]     Mr. Allen's claim about the loss of his property was described as a "takings" claim but analyzed as a Fourteenth Amendment due process claim in the district court proceedings.  We conclude that it is properly considered as a procedural due process deprivation of property claim.

-3-

recommended that the motion be granted, and the district court agreed. Mr. Allen appealed.

## II. Issues on Appeal

Although Mr. Allen lists six issues in his brief, reading it liberally, we discern eight arguments he wishes to advance on appeal. He has, however, preserved just five of them.[3] On those, he argues that the district court erred when it

(1) dismissed his Fourteenth Amendment procedural due process claim against Officer Reynolds under Rule 12(b)(6) because an adequate post-deprivation remedy was available through the prison grievance system;

(2) dismissed his request for compensatory damages under Rule 12(b)(6) because he failed to allege physical injury, as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e);

(3) dismissed his supervisory liability claim against Major Filer and Warden Leyba under Rule 12(b)(6) for failure to allege their personal participation in an alleged constitutional violation;

(4) granted summary judgment to Officer Reynolds on the First Amendment retaliation claim; and

(5) ruled on the motion for summary judgment before Officer Reynolds answered Mr. Allen's amended complaint.

---

[3] We lack jurisdiction to review Mr. Allen's other three arguments. He argues that the district court erred in denying (1) his request for a thirty-day extension of time to respond to defendants' motion to dismiss in part, *see* D.C. No. 1:09-cv-02605-WJM-MJW, Docs. 19, 25; (2) his motion to compel, *id.*, Docs. 48, 64; and (3) his request for a continuance for additional discovery, *id.*, Docs. 109, 111. These pretrial matters were all referred to the magistrate judge for determination. *See* 28 U.S.C. § 636(b)(1)(A). Mr. Allen's failure to object to the magistrate judge's rulings on each of these issues and to obtain review from the district court "strips us of jurisdiction to review the challenged order[s]." *SEC v. Merrill Scott & Assocs.*, 600 F.3d 1262, 1269 (10th Cir. 2010) (discussing § 636(b)(1)(A)).

III. Standards of Review and Discussion

"We review de novo the district court's Rule 12(b)(6) dismissal." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Doe v. City of Albuquerque*, 667 F.3d 1111, 1118 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)) (further quotation omitted).

Likewise, "[w]e review a district court's grant of summary judgment de novo, applying the same standard as the district court." *Morris v. City of Colo. Springs*, 666 F.3d 654, 660 (10th Cir. 2012) (brackets in original) (internal quotation marks omitted). "[S]ummary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "In conducting the analysis, we view all facts and evidence in the light most favorable to the party opposing summary judgment." *Id.* (brackets omitted) (internal quotation marks omitted). However, "[f]or dispositive issues on which the plaintiff will bear the burden of proof at trial, he must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (internal quotation marks omitted).

A.  Adequate Administrative Remedy

The district court concluded that Mr. Allen failed to state a claim against Officer Reynolds for deprivation of property without due process because Mr. Allen had an adequate post-deprivation remedy through the prison grievance system.  The court noted that Mr. Allen had alleged that he had filed a grievance but that he had not alleged facts, as he must, to show that the process was faulty or unresponsive.  *See* R., Vol. 1, at 88-89 (citing *Hudson v. Palmer*, 468 U.S. 517, 533, 536 n.15 (1984), and *Freeman v. Dep't of Corr.*, 949 F.2d 360, 362 (10th Cir. 1991)).  We agree with the district court's analysis.  Mr. Allen's argument on appeal that he gained no relief through the grievance process is insufficient to show that the process was unavailable or inadequate to him.

B.  No Allegation of Physical Injury

The district court noted that Mr. Allen's prayer for $50,000 in compensatory damages was only for alleged seizure of a book holding his grandfather's obituary and 68 family photographs.  The court concluded that the PLRA bars this damages request because Mr. Allen sued for emotional damages and failed to allege physical injury.  *Id.* at 89-90.  Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The district court

recognized that we have interpreted this statute to limit a prisoner's remedies "'if the only injuries are mental or emotional.'" R., Vol. 1, at 90 (quoting *Searles v. VanBebber*, 251 F.3d 869, 876 (10th Cir. 2001)).

Mr. Allen's argument that his request for $50,000 was not for emotional damages is no more than an assertion. He claimed at the district court that the photos were "priceless and irreplac[e]able" because he had "not seen [his] family in a decade" and he kept his grandfather's obituary because his grandfather was "dear" to him. R., Vol. 1, at 12, 17. He points to no other form of injury, physical or otherwise. His $50,000 request appears to be in whole or in large part for emotional damages and lacks any basis in physical injury, which appears to run afoul of the PLRA. Even if part of his request for $50,000 includes damages for loss of property, our affirmance of the dismissal of all of his claims includes dismissal of his prayer for damages, irrespective of the PLRA.

C. No Personal Participation by Supervisors

The district court concluded that Mr. Allen failed to state a claim against Warden Leyba and Major Filer because the complaint did not allege their personal participation in unconstitutional conduct or an affirmative link to a subordinate's unconstitutional conduct. *See id.* at 91-92 (citing *Iqbal*, 129 S. Ct. at 1948, and *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006)). The court rejected Mr. Allen's argument that he alleged their participation by averring that

he sent them a "declaration" concerning his dispute with Officer Reynolds. *Id.* The court noted that such an assertion is insufficient under Tenth Circuit law. *Id.* (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)). Mr. Allen makes the same argument again on appeal. We agree with the district court that it lacks merit.

D. Summary Judgment Properly Entered on First Amendment Retaliation Claim

The district court "affirmed" the magistrate judge's recommendation to grant summary judgment on Mr. Allen's First Amendment retaliation claim in favor of Officer Reynolds. *Id.* at 361, 367. The court concluded that Mr. Allen failed to present evidence creating a triable factual issue as to whether Officer Reynolds' alleged retaliatory motive was the but-for cause of the disappearance of his 68 photographs. *Id.* at 363-66. Although the district court cited an unpublished decision from this court as authority for this legal standard, that decision was based on a published case stating that an inmate "must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted).

The district court cited Officer Reynolds' "sworn and notarized" affidavits, R., Vol. 1, at 366, in which he averred "that he packed up [Mr. Allen's] belongings when [Mr. Allen] was transferred to another facility and turned them

over to the property sergeant," *id.* at 363-64. Mr. Allen failed to present evidence showing that retaliation motivated by the exercise of his First Amendment rights was the but-for cause of the loss of his photographs. *See id.* at 366 (citing *Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996)).

Mr. Allen offers nothing on appeal except his continuing conjecture that Officer Reynolds stole his photographs to retaliate against him. He stresses the district court's statement that the evidence showed that the property sergeant seized 38 of the photographs because they were contained in an album for which Mr. Allen could not produce a property receipt, *id.* at 363, and that the court did not address the whereabouts of the other 30 photographs.

Officer Reynolds swore in his second affidavit that he "did not throw away, confiscate, or dispose of any of Mr. Allen's photographs . . . [and] did not give the property Sergeant any directions regarding the handling and disposition of Mr. Allen's property." R., Vol. 1, at 289. Mr. Allen failed to present any rebuttal evidence showing that Officer Reynolds took *any* of his photographs, much less took them with a retaliatory motive. The evidence showed that Mr. Allen was not present when Officer Reynolds packed up his belongings or when Officer Reynolds gave them to the property sergeant. Mr. Allen's failure to offer any evidence to rebut Officer Reynolds' affidavit on summary judgment, as he must do under *Cardoso v. Calbone*, is fatal to his claim. Although the district court focused on 38 photographs, Officer Reynolds' affidavit addressed all of

them, and "we may affirm on any grounds that are sufficiently supported by the record to allow for a conclusion as a matter of law." *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1166 (10th Cir. 2009).

## E.  Timing of Summary Judgment Proper

Finally, Mr. Allen's argument that the district court may have erred by ruling on the motion for summary judgment before Officer Reynolds answered Mr. Allen's amended complaint has no record support.

## IV.  Conclusion

For the foregoing reasons and for the reasons more thoroughly set forth by the district court in its June 14, 2010, and June 3, 2011 orders, we affirm the district court and dismiss this appeal.  Mr. Allen has failed to show any error. Because his appeal is frivolous, we deny his motion for leave to proceed IFP on appeal and direct him to pay the remainder of the filing fee.  *See Coppedge v. United States*, 369 U.S. 438, 446 (1962).  This dismissal also counts as a "prior occasion" or "strike" under § 1915(g).  *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011).  We caution Mr. Allen that if he accumulates three strikes, he will be precluded from proceeding IFP in any further civil action or appeal unless he makes a credible showing that he is under

"'imminent danger of serious physical injury.'" *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001) (quoting § 1915(g)) (further quotation omitted).

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge