**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TODD K. ROBINSON,

     Plaintiff - Appellant,

v.

JOHN OR JANE DOE, CDOC
Administrator; JOHN OR JANE DOE,
CDOC Canteen Services; JOHN OR JANE
DOE, CDOC Marketing; JOHN OR JANE
DOE, Sales, CDOC,

     Defendants - Appellees.

No. 18-1108
(D.C. No. 1:17-CV-01872-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.
_____

Pro se state prisoner Todd K. Robinson sued the Colorado Department of

Corrections (CDOC) and various John/Jane Doe employees, alleging a violation of

his due-process rights when he lost the ability to play music on an electronic tablet he

purchased from the prison canteen.  According to Robinson, he paid $1,568.12 for

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the music, and when the tablet subsequently "needed adjustment . . . to continue its function," R. at 7, he could not get it adjusted because CDOC had cancelled its contract with the tablet's servicer.

The district judge screened the complaint and ordered Robinson to show cause why it should not be dismissed as legally frivolous, *see* 28 U.S.C. § 1915A, given he appeared to lack a protected property interest in the usability of music recordings on his tablet, *see Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) ("[A] deprivation occasioned by prison conditions or a prison regulation does not reach protected [property] interest status and require procedural due process protection unless it imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Robinson responded, asserting *Sandin* did not apply because he had "a bilateral agreement" with CDOC for "the ownership and use" of property. R. at 42.

The judge disagreed and dismissed the complaint as legally frivolous. The district court explained (1) Robinson had not alleged "'conditions much different from those ordinarily experienced by inmates serving their sentences in the customary fashion,'" *id.* at 53 (quoting *Steffey*, 461 F.3d at 1222); and (2) the challenged deprivation concerned only the use, rather than ownership, possession, or control of property, *see Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("While an inmate's ownership of property is a protected property interest that may not be infringed without due process, there is a difference between the right to own property and the right to possess property while in prison."). Moreover, he

2

explained, even if Robinson had alleged the deprivation of a protected property interest, the CDOC grievance procedure he ultimately invoked was an adequate and available postdeprivation remedy—regardless of his success in using it,[1] *see Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("hold[ing] . . . an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"); *Allen v. Reynolds*, 475 F. App'x 280, 283 (10th Cir. 2012) (holding prisoner's "argument on appeal . . . he gained no relief through the [prison's] grievance process [wa]s insufficient to show . . . the process was unavailable or inadequate").[2]

Finally, the judge certified Robinson lacked a good-faith basis to appeal, and he denied Robinson's request for in-forma-pauperis (IFP) status. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken [IFP] if the trial court certifies in writing . . . it is not taken in good faith.").

Nevertheless, Robinson now appeals. He renews his IFP request and argues the district court erred in dismissing his complaint because CDOC—by implementing

---

[1] Robinson filed grievances seeking an adjustment for his tablet or a refund. CDOC responded it no longer had a contract with the manufacturer, and Robinson could "send [the tablet] home or have the facility destroy it[,] . . . [or] [have] [the manufacturer] burn" a copy of the music. R. at 19. Ultimately, CDOC denied Robinson's grievances, stating he "failed to follow the grievance procedure" by not exhausting administrative remedies. *Id.* at 24.

[2] *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

3

a regulation "govern[ing] the control and safeguarding of offender personal property,"[3] and selling him a tablet and music—created a liberty and/or property interest in the items he bought. But Robinson has provided no argument undermining any of the district court's reasoning.

Specifically, a prison regulation governing what prisoners may possess in their cells will create a protected liberty or property interest only if the deprivation of the interest meets the *Sandin* test, imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See Cosco v. Uphoff*, 195 F.3d 1221, 1223-24 (10th Cir. 1999) (per curiam) (explaining a prison regulation permitting prisoners to keep certain items did not create a property interest in those items); *see also Sandin*, 515 U.S. at 481-82 (explaining prison regulations are "primarily designed to guide correctional officials in the administration of a prison," rather than "confer rights on inmates"). The circumstances surrounding Robinson's inability to get his music tablet adjusted do not involve such a significant departure from normal prison conditions as to create a liberty or property interest protected by the Fourteenth Amendment's Due Process Clause. Indeed, Robinson has not been deprived of ownership or possession of any property. And in any event, he had access to a meaningful postdeprivation remedy; there is no requirement that he receive the remedy of his choosing.

---

[3] *See* CDOC Admin. Reg. #850-06 (declaring the regulation's purpose "is to prescribe consistent limitations for the volume and type of property allowed to be maintained by an offender and to provide instructions for the acquisition, identification, transportation, storage, and disposal of offender property").

Accordingly, for substantially the same reasons identified by the district court, we dismiss Robinson's appeal as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring the dismissal of a frivolous appeal); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining an appeal is frivolous if it "lacks an arguable basis either in law or in fact."). We deny Robinson's motion to proceed IFP, and we order him to immediately pay the full amount of all remaining appellate filing and docketing fees. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (observing IFP status requires both "a financial inability to pay the required filing fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal"). Although these fees are immediately due in full, our prior order of April 23, 2018, requiring periodic payments described in 28 U.S.C. § 1915(b)(1), remains in effect until all fees are paid in full. Payment must be made to the clerk of the United States District Court for the District of Colorado.

Finally, we note the district court's dismissal and our dismissal each count as a 28 U.S.C. § 1915(g) strike. *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999), *overruled on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

Entered for the Court

Terrence L. O'Brien
Circuit Judge

5